# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAWRENCE GIOVANNI FRANKLIN, JR.,

Plaintiff,

v.

SGT. BOYER and JOHN/JANE DOE,

Defendants.

Case No. 25-CV-1809-JPS

**ORDER**

Plaintiff Lawrence Giovanni Franklin, Jr. ("Plaintiff"), an inmate currently confined at the Kenosha County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On June 15, 2026, the Court screened Plaintiff's complaint and allowed him to proceed on an Eighth Amendment excessive claim for against Defendants Sgt. Boyer and Sgt. Rucktner. ECF No. 11 at 4.

On July 10, 2026, counsel appeared and accepted service for Defendant Boyer. Nos. 13, 15. Counsel for Defendants indicates that she did not accept service for Defendant Rucktner because there is "no officer by that name." ECF No. 14. In light of that information, the Court instructed the Clerk of Court to replace Defendant Sgt. Rucktner with a Doe defendant. ECF No. 17. Following that order, Plaintiff filed a letter regarding this defendant along with a motion for order of no contact and motion for transfer. ECF No. 19. First, Plaintiff indicates that the correct defendant to be served is Sgt. Puckner.[1] As such, the Court will instruct the

[1] The Court notes that Plaintiff believes the correct spelling is either Puckner, Puctner, or Puktner.

Clerk of Court to replace the Doe defendants with Sgt. Puckner and will again order the U.S. Marshals Service to attempt service on this defendant.

Next, the Court will deny Plaintiff's motion for a no contact order and motion for transfer. The Court liberally construes this filing as a motion for a preliminary injunction. Plaintiff alleges that Defendant Boyer is retaliating against him for filing this case. *Id.* He seeks administrative confinement at another facility. *Id.*

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that: (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). If the plaintiff can establish those three factors, the court must balance the harm to each party and to the public interest from granting or denying the injunction. *See Wood*, 496 F.3d at 622; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In the context of prisoner litigation, the scope of a court's authority to issue an injunction (including a TRO) is circumscribed by the PLRA. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18

U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

Here, Plaintiff fails to carry the burden of persuasion that the drastic remedy of a preliminary injunction is appropriate in this instance. The purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Thus, the "preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit." *Turley v. Clendenin*, No. 3:15-CV-27-NJR-DGW, 2016 WL 4537657, at *3 (S.D. Ill. July 29, 2016). This case is proceeding on an excessive force claim against defendants for conduct that occurred prior to November 2025 when this case was filed. Plaintiff does not proceed on claims for retaliation. To the extent that Plaintiff believes he can state a First Amendment retaliation claim, he is free to do so in a separate case. As such, the Court is obliged to deny Plaintiff's request for an order of no contact or motion for a transfer.

Accordingly,

**IT IS ORDERED** that the Clerk of Court replace the Doe defendants with Sgt. Puckner;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this Order upon Defendant **Sgt. Puckner** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S.

Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Sgt. Puckner shall file a responsive pleading; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for order of no contact and motion for transfer, ECF No. 19, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge